**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VALENTINA L. O'CONNOR, as next friend and guardian of Michael W. O'Connor, | ) ) ) ) ) | No. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DEPUTY ARTHUR WRIGHT, Star No. 10552, an individual; DEPUTY T. MERRIWEATHER, Star No. 11144, an individual; DEPUTY J. HERRERA, Star No. 11369, an individual; the COUNTY OF COOK, a Body Politic and Corporate; the CITY OF CHICAGO, a municipal corporation; OFFICER LEXINGTON, Star No. UNKNOWN, an individual; and UNKNOWN CHICAGO POLICE OFFICERS, in their individual capacities; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY DEMANDED** |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiff, Valentina O'Connor, as next friend & legal guardian of Michael W. O'Connor, by and through counsel, Victor P. Henderson and Rebecca R. Kaiser, and complains of DEPUTY ARTHUR WRIGHT, Star No. 10552, an individual; DEPUTY T. MERRIWEATHER, Star No. 11144, an individual; DEPUTY J. HERRERA, Star No. 11369, an individual; the COUNTY OF COOK, a Body Politic and Corporate; THE CITY OF CHICAGO, a municipal corporation;

1

OFFICER LEXINGTON, Star No. UNKNOWN, an individual; and UNKNOWN CHICAGO POLICE OFFICERS, in their individual capacities, as follows:

## Parties, Jurisdiction and Venue

1. Plaintiff VALENTINA O'CONNOR is the legal guardian of MICHAEL W. O'CONNOR, her mentally disabled son. (*See*, Order Appointing Plenary Guardian For Disabled Person dated July 16, 2013, attached as Exhibit A.)

2. Plaintiff VALENTINA O'CONNOR, as next friend and guardian of MICHAEL W. O'CONNOR, is a resident of the Northern District of Illinois.

3. At all relevant times, Defendant Deputy Arthur Wright, Star No. 10552, was employed by the Cook County Sheriff's Office, and acted in his official capacity and under the color of law and in the course and scope of his employment with the Cook County Sheriff's Office.

4. At all relevant times, Defendant Deputy T. Merriweather, Star No. 11144, was employed by the Cook County Sheriff's Office, and acted in his official capacity and under the color of law and in the course and scope of his employment with the Cook County Sheriff's Office.

5. At all relevant times, Defendant Deputy J. Herrera, Star No. 11369, was employed by the Cook County Sheriff's Office, and acted in his official capacity and under the color of law and in the course and scope of his employment with the Cook County Sheriff's Office.

6. At all relevant times, Defendant Deputy Arthur Wright, Defendant Deputy T. Merriweather, and Defendant Deputy J. Herrera were employed by the

Defendant Cook County Sheriff's Office.

7. Defendant Cook County is a party for indemnification purposes, pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003).

8. At all relevant times, Defendant Officer Lexington, Star No. Unknown, was employed by the Chicago Police Department, and acted in his official capacity and under the color of law and in the course and scope of his employment with the Chicago Police Department.

9. At all relevant times, Defendant Chicago Police Officer Lexington was employed by the City of Chicago.

10. At all relevant times, Defendant Unknown Chicago Police Officers, were employed by the Chicago Police Department, and acted in their official capacity and under the color of law and in the course and scope of their employment with the Chicago Police Department.

11. Defendant City of Chicago is an Illinois municipal corporation, responsible for policies and procedures governing the Chicago Police Department, including Defendant Officer Lexington and the Unknown Chicago Police Officers. The City of Chicago is also the indemnifying entity for any legal judgment entered against Officer Lexington and the Unknown Chicago Police Officers based on the allegations contained in this Complaint.

12. All events described in this complaint occurred in Cook County, Illinois.

13. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C.

§1988 to redress the deprivation under color of law of Michael O'Connor's rights as secured by the United States Constitution.

14.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue is proper under 28 U.S.C. § 1391(b).  The parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district as well.

## FACTS

15.     Michael O'Connor has been treated for mixed bipolar psychosis and ADHD since 2004, when he was 14 years old.

16.     For his mental illnesses, Michael has been prescribed Depakote, Adderall, Zyprexa, and Vyvanse.

17.     Michael also takes Levothyroxine for hypothyroidism as well as blood pressure medication.

18.     On or about May 6, 2014, Michael O'Connor was informed that he was going to be arrested.

19.     Thus, he self-surrendered at a Chicago police station.

20.     Mrs. O'Connor arrived at the police station shortly after her son.

21.     Mrs. O'Connor gave Chicago Police Officer Lexington Michael's medications.

22.     Officer Lexington scoffed at Mrs. O'Connor and replied, "Nobody ever died of mental illness."

23.     Michael did not receive his medications for the next three days while

he was in Chicago Police custody.

24.     Michael could not sleep for three days because he did not receive his medication.

25.     Late at night or May 8, 2014, or early in the morning of May 9, 2014, two Unknown Chicago Police Officers took Michael to Little Company of Mary Hospital to receive medication.

26.     At Little Company of Mary Hospital, Michael was told to take Vyvanse, a stimulant.

27.     Michael told the officers that he had not slept in days and thus should not be taking a stimulant, especially on an empty stomach.

28.     The officers threatened Michael with staying in the police station for three more days if he did not take the Vyvanse.

29.     Michael then took the Vyvanse.

30.     Michael was then taken back to the Chicago Police Department.

31.     Michael could not sleep the rest of the night because he took Vyvanse.

32.     The Vyvanse made Michael's heart race and made him panic and go into psychosis.

33.     On or about May 9, 2014, Michael appeared in bond court at 2650 South California Avenue.

34.     When the Assistant State's Attorney read Michael's charges, Michael yelled, "No!" and pushed the papers off of counsel table.

35.     This outburst occurred because Michael had not received the proper

medication and instead received a stimulant at an inappropriate time, after being unmedicated for days.

36.     In response to his outcry, Wright, Merriweather, and Herrera punched Michael in the face, tackled him, pushed him to the ground, and handcuffed him behind his back.

37.     Wright, Merriweather, and Herrera then had everyone in the courtroom evacuate.

38.     Wright, Merriweather, and Herrera then dragged Michel into a back room.

39.     Wright, Merriweather and Herrera proceeded to kick Michael in the face, ribs, and groin.

40.     As Wright, Merriweather, and Herrera were kicking him, Michael yelled, "Please stop!"

41.     Wright, Merriweather, and Herrera were laughing and high fiving as they kicked Michael.

42.     Michael thought Wright, Merriweather, and Herrera were going to kill him.

43.     Michael was then taken to Mt. Sinai Hospital to be treated for his injuries.

44.     Michael remained at Mt. Sinai Hospital for three days, until May 12, 2014, where he was in and out of consciousness.

45.     While at Mt. Sinai Hospital, Michael was chained to the bed, not

allowed to make any phone calls, and received a rash from not being allowed to shower.

46.     After being released from Mt. Sinai, Michael was treated in Cermak Hospital for another week.

47.     Michael was then transported to Cook County Jail Division II.

48.     As a result of this beating, Michael suffered and continues to suffer aggravation of his mental illness, PTSD, a concussion, a cracked rib, displaced vertebra, black eyes, severe bruising, a fractured nose, chipped tooth, severe headaches, amnesia, twitching, and a misaligned jaw, which causes him difficulty chewing.

## COUNT I – EXCESSIVE FORCE

### (Defendants Wright, Merriweather, and Herrera)

49.     Each of the above Paragraphs is incorporated as if restated herein.

50.     At all relevant times, Defendant Wright was employed by the Office Of The Cook County Sheriff and acting under the color of law.

51.     At all relevant times, Defendant Merriweather was employed by the Office Of The Cook County Sheriff and acting under the color of law.

52.     At all relevant times, Defendant Herrera was employed by the Office Of The Cook County Sheriff and acting under the color of law.

53.     As described in the preceding paragraphs, by repeatedly kicking Michael in the face, ribs, and groin, Wright, Merriweather, and Herrera subjected him to unreasonable and excessive force in violation of the Michael's rights as guaranteed by the United States Constitution.

54.     Wright, Merriweather, and Herrera intentionally and forcibly subjected Michael O'Connor to unreasonable and excessive force in that they intentionally, willfully, wantonly, and without legal justification kicked Michael O'Connor about the head and body.

55.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Michael O'Connor's constitutional rights.

56.     As a result of Wright, Merriweather, and Herrera's unjustified and excessive use of force, Michael O'Connor suffered and continues to suffer aggravation of his mental illness, PTSD, a concussion, a cracked rib, displaced vertebra, black eyes, severe bruising, a fractured nose, chipped tooth, severe headaches, amnesia, twitching, and a misaligned jaw, which causes him difficulty chewing.

**WHEREFORE**, Plaintiff, Valentina O'Connor, as next friend and legal guardian of Michael W. O'Connor, demands compensatory damages in excess of the jurisdictional amount against Defendants Wright, Merriweather, and Herrera, plus punitive damages, attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT II – INDEMNIFICATION
### (Defendant County Of Cook)

57.     Each of the above paragraphs is incorporated as if restated herein.

58.     The Cook County Sheriff's Department is funded by the County of Cook.

59.     Thus, the County of Cook is a necessary party as the indemnifier of Defendants Merriweather, Wright, and Herrera of The Cook County Sheriff's Office pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

**WHEREFORE**, Plaintiff, Valentina O'Connor, as next friend and legal guardian of Michael W. O'Connor, demands compensatory damages in excess of the jurisdictional amount against Defendants, plus attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT III- DELIBERATE INDIFFERENCE – FAILURE TO PROVIDE MEDICAL CARE
### (Defendants Chicago Police Officer Lexington and Unknown Officers Of The Chicago Police Department)

60.     Each of the above Paragraphs is incorporated as if restated herein.

61.     Michael O'Connor's diagnosed mixed bipolar disorder and ADHD are serious medical conditions.

62.     Lexington and the Unknown Chicago Police Officers knew about

Michael's serious medical conditions because his mother, Valentina O'Connor, told them about his conditions and gave them Michael's proper medication.

63.     Lexington and the Unknown Chicago Police Officers knew about the substantial risk of serious harm to Michael O'Connor if he did not receive his medication.

64.     Lexington and the Unknown Chicago Police Officers deliberately, willfully, and wantonly disregarded the obvious and serious medical needs of Michael and risks to his health and failed to take appropriate steps to provide him with his medication for three days while in their care and custody, thus violating Michael's rights under the Fourteenth and Eighth Amendments to the United States Constitution.

65.     Lexington and the Unknown Chicago Police Officers deliberately, willfully, and wantonly disregarded the obvious and serious medical needs of Michael and risks to his health by forcing him to take Vyvanse, a stimulant, in the middle of the night and on an empty stomach without being medicated for days.

66.     As a result of these violations, Michael suffered an outburst in court that proximately led to his beating by Defendants Wright, Merriweather, and Herrera.

67.     Michael's injuries as a result of this attack include but are not limited to aggravation of his mental illness, PTSD, a concussion, a cracked rib, displaced vertebra, black eyes, severe bruising, a fractured nose, chipped tooth, severe headaches, amnesia, twitching, and a misaligned jaw, which causes him difficulty

chewing.

**WHEREFORE**, Plaintiff, Valentina O'Connor, as next friend and legal guardian of Michael W. O'Connor, demands compensatory damages in excess of the jurisdictional amount against Lexington and the Unknown Chicago Police Officers, plus punitive damages, attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT IV – INDEMNIFICATION

### (Defendant City Of Chicago)

69.     Each of the above Paragraphs is incorporated as if restated herein.

70.     Public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

71.     Officer Lexington and the Unknown Defendant Officers Of The Chicago Police Department were employees of the City of Chicago at the time they committed the aforementioned constitutional violations against Michael O'Connor, and acted within the scope of their employment in committing the aforementioned misconduct.

**WHEREFORE**, Plaintiff, Valentina O'Connor, as next friend and legal guardian of Michael W. O'Connor, demands compensatory damages in excess of the

jurisdictional amount against Defendants, plus attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**DATED:**     September 14, 2015

Respectfully Submitted,

/s/ Victor P. Henderson
One of the Attorneys For Plaintiff

Victor P. Henderson
Rebecca R. Kaiser
**HENDERSON ADAM, LLC**
330 South Wells Street, Suite 300
Chicago, IL 60606
Telephone: (312) 262-2900
Facsimile:  (312) 262-2901