## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VALENTINA L. O'CONNOR, as next friend and guardian of Michael W. O'Connor, | ) ) ) ) | |
| Plaintiff, | ) ) ) | No.     15 cv 8066 |
| v. | ) ) | |
| DEPUTY ARTHUR WRIGHT, Star No. 10552, an individual; DEPUTY T. MERRIWEATHER, Star No. 11144, an individual; DEPUTY J. HERRERA, Star No. 11369, an individual; the COUNTY OF COOK, a Body Politic and Corporate; the CITY OF CHICAGO, a municipal corporation; OFFICER CHRISTINE ELLMAN, Star No. 2133, an individual; OFFICER DERRICK SHINN, Star No. 2207, an individual; OFFICER ANNE M. LEWIS, Star No. 1972, an individual; OFFICER CHARLES LONG, Star No. 1171, an individual; OFFICER CHANTELL M. MOORE, Star No. 2375, an individual; BRIAN E. YOUNG, Chicago Police Department Employee No. 55120, an individual; OFFICER J.M. RUMBAUGH, Star No. 5876, an individual; OFFICER JOHN OWENS, Star No. 7074, an Individual; and OFFICER VINCENT BARNER, Star No. 19562, an individual; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY DEMANDED** |
| Defendants. | ) ) | |

## SECOND AMENDED COMPLAINT

NOW COMES Plaintiff, Valentina O'Connor, as next friend & legal guardian

of Michael W. O'Connor, by and through counsel, Victor P. Henderson, and

complains of DEPUTY ARTHUR WRIGHT, Star No. 10552, an individual; DEPUTY T. MERRIWEATHER, Star No. 11144, an individual; DEPUTY J. HERRERA, Star No. 11369, an individual; the COUNTY OF COOK, a Body Politic and Corporate; THE CITY OF CHICAGO, a municipal corporation; OFFICER CHRISTINE ELLMAN, Star No. 2133, an individual; OFFICER DERRICK SHINN, Star No. 2207, an individual; OFFICER ANNE M. LEWIS, Star No. 1972, an individual; OFFICER CHARLES LONG, Star No. 1171, an individual; OFFICER CHANTELL M. MOORE, Star No. 2375, an individual; BRIAN E. YOUNG, Chicago Police Department Employee No. 55120, an individual; OFFICER J.M. RUMBAUGH, Star No. 5876, an individual; OFFICER JOHN OWENS, Star No. 7074, an individual; and OFFICER VINCENT BARNER, Star No. 19562, an individual; as follows:

## Parties, Jurisdiction and Venue

1.    Plaintiff VALENTINA O'CONNOR ("Mrs. O'Connor") is the legal guardian of MICHAEL W. O'CONNOR ("Michael"), her mentally disabled son. (*See*, Order Appointing Plenary Guardian For Disabled Person dated July 16, 2013, attached as Exhibit A.)

2.    Plaintiff VALENTINA O'CONNOR, as next friend and guardian of MICHAEL W. O'CONNOR, is a resident of the Northern District of Illinois.

3.    At all relevant times, Defendant Deputy Arthur Wright, Star No. 10552 ("Wright"), was employed by the Cook County Sheriff's Office and acted under the color of law and in the course and scope of his employment with the Cook

County Sheriff's Office.

4. At all relevant times, Defendant Deputy T. Merriweather, Star No. 11144 ("Merriweather"), was employed by the Cook County Sheriff's Office and acted under the color of law and in the course and scope of his employment with the Cook County Sheriff's Office.

5. At all relevant times, Defendant Deputy J. Herrera, Star No. 11369 ("Herrera"), was employed by the Cook County Sheriff's Office and acted under the color of law and in the course and scope of his employment with the Cook County Sheriff's Office.

6. Defendant Cook County is a party for indemnification purposes pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003).

7. At all relevant times, Defendant Officer Christine Ellman, Star No. 2133 ("Ellman"), was employed by the Chicago Police Department and acted under the color of law and in the course and scope of her employment with the Chicago Police Department.

8. At all relevant times, Defendant Officer Derrick Shinn, Star No. 2207 ("Shinn"), was employed by the Chicago Police Department and acted under the color of law and in the course and scope of his employment with the Chicago Police Department.

9. At all relevant times, Defendant Officer Anne M. Lewis, Star No. 1972 ("Lewis"), was employed by the Chicago Police Department and acted under the color of law and in the course and scope of her employment with the Chicago Police

3

Department.

10.     At all relevant times, Defendant Officer Charles Long, Star No. 1171 ("Long"), was employed by the Chicago Police Department and acted under the color of law and in the course and scope of his employment with the Chicago Police Department.

11.     At all relevant times, Defendant Officer Chantell M. Moore, Star No. 2375 ("Moore"), was employed by the Chicago Police Department and acted under the color of law and in the course and scope of her employment with the Chicago Police Department.

12.     At all relevant times, Defendant Brian E. Young, Chicago Police Department Employee No. 55120 ("Young"), was employed by the Chicago Police Department and acted under the color of law and in the course and scope of his employment with the Chicago Police Department.

13.     At all relevant times, Defendant Officer J.M. Rumbaugh, Star No. 5876 ("Rumbaugh"), was employed by the Chicago Police Department and acted under the color of law and in the course and scope of his employment with the Chicago Police Department.

14.     At all relevant times, Defendant Officer John Owens, Star No. 7074 ("Owens"), was employed by the Chicago Police Department and acted under the color of law and in the course and scope of his employment with the Chicago Police Department.

15.     At all relevant times, Defendant Officer Vincent Barner, Star No.

19562 ("Barner"), was employed by the Chicago Police Department and acted under the color of law and in the course and scope of his employment with the Chicago Police Department.

16.     Defendant City of Chicago is an Illinois municipal corporation, responsible for policies and procedures governing the Chicago Police Department, including the Defendant officers and employees.

17.     The City of Chicago is the indemnifying entity for any legal judgment entered against the Defendant officers and employees based on the allegations contained in this Complaint.

18.     All events described in this complaint occurred in Cook County, Illinois.

19.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §1988 to redress the deprivation under color of law of Michael's rights as secured by the United States Constitution.

20.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue is proper under 28 U.S.C. § 1391(b).  The parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district as well.

## FACTS

21.     Michael has been treated for mixed bipolar psychosis and ADHD since 2004, when he was 14 years old.

22.     For his mental illnesses, Michael has been prescribed Depakote,

Adderall, Zyprexa, and Vyvanse.

23. Michael also takes Levothyroxine for hypothyroidism as well as blood pressure medication.

24. On or about May 6, 2014, Michael was arrested.

25. He was then taken to the Chicago Police Department 22nd District Station Lockup.

26. The 22nd District Station Supervisors on duty between May 6, 2014 and May 9, 2014 when Michael was in Lockup were Ellman, Shinn, Long, Lewis, and Moore.

27. At all relevant times, the District Station Supervisors were responsible for ensuring that arrestees received proper medical care.

28. Rumbaugh and Young processed Michael into the Lockup.

29. The processing Chicago Police officers and/or employees are required to record, among other things, whether arrestees are taking medication or have health concerns.

30. Neither Rumbaugh nor Young made notes nor informed anyone about Michael's illnesses and/or need for medication.

31. Mrs. O'Connor arrived at the police station shortly after her son.

32. Mrs. O'Connor gave a Chicago Police Department employee Michael's medications.

33. The employee scoffed at Mrs. O'Connor and replied, "Nobody ever died of mental illness."

34.    Michael did not receive his medication for several days while he was in police custody.

35.    Michael could not sleep for several days because he did not receive his medication.

36.    On the morning of May 8, 2014, under Lewis' direction, Owens took Michael to Little Company of Mary Hospital to receive medication.

37.    Whether Michael received medication during this hospital visit is unclear.

38.    Late at night on May 8, 2014, under Ellman's direction, Barner took Michael to Little Company of Mary to receive medication.

39.    At Little Company of Mary, Michael was forced to take Vyvanse, a central nervous system stimulant.

40.    Michael told Barner that he had not slept in days and thus should not take a stimulant in the middle of the night, especially on an empty stomach.

41.    Barner threatened Michael with staying in the police station for several more days if he did not take the Vyvanse.

42.    Michael then took the Vyvanse.

43.    Michael was then taken back to the Police Department.

44.    Michael could not sleep the rest of the night because he took Vyvanse.

45.    The Vyvanse made Michael's heart race, it made him panic, and it made him go into psychosis.

46.    On or about May 9, 2014, Michael appeared in bond court at 2650

South California Avenue.

47.    When the Assistant State's Attorney read Michael's charges, Michael responded with an outburst.

48.    This outburst occurred because Michael had not received the proper medication and instead received a stimulant after being unmedicated for days.

49.    In response to his outburst, Wright, Merriweather, and Herrera punched Michael in the face, tackled him, pushed him to the ground, handcuffed him behind his back, and otherwise beat him.

50.    Wright, Merriweather, and Herrera then had everyone in the courtroom evacuate.

51.    Wright, Merriweather, and Herrera then dragged Michel into a back room.

52.    Wright, Merriweather and Herrera proceeded to kick Michael in the face, ribs, and groin and otherwise beat him.

53.    As Wright, Merriweather, and Herrera were kicking him, Michael yelled, "Please stop!"

54.    Wright, Merriweather, and Herrera were laughing and high fiving as they beat Michael.

55.    Michael thought Wright, Merriweather, and Herrera were going to kill him.

56.    Michael was then taken to Mt. Sinai Hospital to be treated for his injuries.

57.     Michael remained at Mt. Sinai Hospital for three days, until May 12, 2014, where he was in and out of consciousness.

58.     While at Mt. Sinai Hospital, Michael was chained to the bed, not allowed to make any phone calls, and received a rash from not being allowed to shower.

59.     After being released from Mt. Sinai, Michael was treated in Cermak Hospital for another week.

60.     Michael was then transported to the Cook County Jail.

61.     As a result of this beating, Michael suffered and continues to suffer aggravation of his mental illness, PTSD, a concussion, a cracked rib, displaced vertebra, black eyes, severe bruising, a fractured nose, chipped tooth, severe headaches, amnesia, twitching, and a misaligned jaw, which causes him difficulty chewing.

62.     On or about May 27, 2014, a civil rights attorney, Jonathan Ksiazek, submitted a Freedom of Information Act ("FOIA") Request to the Cook County Sheriff's Office for records relating to this incident.

63.     This FOIA request put defendants on notice that they might be sued.

64.     On May 28, 2014, Wright signed a sworn complaint stating that Michael struck him in the chest with a closed fist on May 9, 2014.

65.     Michael was then charged with battery in the Circuit Court of Cook County Case No. 14M1209258.

66.     The Cook County State's Attorney's Office ("CCSAO") elected to

proceed on Michael's other case (*i.e.,* the case that for which he was in bond court on May 9, 2014) before proceeding on the battery case.

67. The CCSAO also moved to stay *this* lawsuit until the battery case was resolved. In other words, Michael was not able to receive a trial on the battery case until his other case was over.

68. The CCASO decision to elect on Michael's other case was for the purpose of delaying this lawsuit.

69. Michael's other case was resolved in June 2017.

70. Thus, the battery case was set for trial on August 22, 2017.

71. In early August, 2017, through independent investigation, Michael's attorneys received a nine (9) page Cook County Sheriff's report of an investigation of the May 9, 2014 incident.

72. This report includes statements from eyewitnesses to the incident, including assistant state's attorneys and court personnel.

73. This report was *never* tendered in discovery in Michael's battery case.

74. This report exonerated Michael of battery against Wright.

75. Michael's attorneys provided this report to the CCSAO.

76. Upon information and belief, one or more assistant state's attorneys prosecuting the battery case then met with one or more of the investigators or witnesses referenced in the report.

77. Then, on August 22, 2017, the day the trial was set to begin, the CCSAO dismissed the battery case via a *nolle prosequi* motion.

## COUNT I- UNREASONABLE FAILURE TO PROVIDE MEDICAL CARE
### (Defendant Chicago Officers and Employees Ellman, Shinn, Lewis, Long, Moore, Young, Rumbaugh, Owens, and Barner)

62.     Each of the above Paragraphs is incorporated as if restated herein.

63.     Michael's detention in the 22nd District Lockup from May 6, 2014 through the morning of May 9, 2014 was prior to his *Gerstein* hearing.

64.     Michael O'Connor's diagnosed mixed bipolar disorder and ADHD are serious medical conditions.

65.     The aforementioned Defendant Chicago Police Officers and Employees knew about Michael's medical conditions and need for medication because his mother, Valentina O'Connor, told them about his conditions and gave them Michael's proper medication.

66.     The aforementioned Defendant Chicago Police Officers and Employees knew about Michael's medical conditions and need for medication because he *told* them about his conditions and need for medication.

67.     The aforementioned Defendant Chicago Police Officers and Employees knew about Michael's medical conditions and need for medication because he was symptomatic while in the lockup.

68.     The aforementioned Defendant Chicago Police Officers and Employees knew about the substantial risk of serious harm to Michael O'Connor if he did not receive his medication.

69.     The aforementioned Defendant Chicago Police Officers and Employees unreasonably, deliberately, willfully, and wantonly disregarded Michael's obvious

and serious medical needs and risks to his health and failed to take appropriate steps to provide him with his medication for several days while in their care and custody, thus violating Michael's rights under the Fourth Amendment of the United States Constitution.

70.     The aforementioned Defendant Chicago Police Officers and Employees unreasonably, deliberately, willfully, and wantonly disregarded Michael's obvious and serious medical needs and risks to his health by forcing him to take Vyvanse, a stimulant, in the middle of the night and on an empty stomach without being medicated for days.

71.     As a result of these violations, Michael suffered while in Lockup by, among other things, being unable to sleep and going into psychosis.

72.     As a result of these violations, Michael suffered an outburst in court that proximately led to his beating by Defendants Wright, Merriweather, and Herrera.

73.     Michael's injuries as a result of this attack include but are not limited to aggravation of his mental illness, PTSD, a concussion, a cracked rib, displaced vertebra, black eyes, severe bruising, a fractured nose, chipped tooth, severe headaches, amnesia, twitching, and a misaligned jaw, which causes him difficulty chewing.

**WHEREFORE**, Plaintiff, Valentina O'Connor, as next friend and legal guardian of Michael W. O'Connor, demands compensatory damages in excess of the jurisdictional amount against, Officer Christine Ellman, Officer Derrick Shinn,

Officer Anne M. Lewis, Officer Charles Long, Officer Chantell M. Moore, Brian E. Young, Officer J.M. Rumbaugh, Officer John Owens, and Officer Vincent Barner, plus punitive damages, attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**COUNT II – INDEMNIFICATION**
**(Defendant City Of Chicago)**

74. Each of the above Paragraphs is incorporated as if restated herein.

75. Public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

76. The aforementioned Defendant Chicago Police Officers and Employees were employees of the City of Chicago at the time they committed the aforementioned constitutional violations against Michael O'Connor, and acted within the scope of their employment in committing the aforementioned misconduct.

**WHEREFORE**, Plaintiff, Valentina O'Connor, as next friend and legal guardian of Michael W. O'Connor, demands compensatory damages in excess of the jurisdictional amount against Defendants, plus attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

13

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## <u>COUNT III – EXCESSIVE FORCE</u>
### (Defendants Wright, Merriweather, and Herrera)

77.     Each of the above Paragraphs is incorporated as if restated herein.

78.     At all relevant times, Defendant Wright was employed by the Office Of The Cook County Sheriff and acting under the color of law.

79.     At all relevant times, Defendant Merriweather was employed by the Office Of The Cook County Sheriff and acting under the color of law.

80.     At all relevant times, Defendant Herrera was employed by the Office Of The Cook County Sheriff and acting under the color of law.

81.     As described in the preceding paragraphs, by repeatedly kicking Michael in the face, ribs, and groin, Wright, Merriweather, and Herrera subjected him to unreasonable and excessive force in violation of the Michael's rights as guaranteed by the United States Constitution.

82.     Wright, Merriweather, and Herrera intentionally and forcibly subjected Michael O'Connor to unreasonable and excessive force in that they intentionally, willfully, wantonly, and without legal justification kicked Michael O'Connor about the head and body.

83.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Michael O'Connor's constitutional rights.

84.     As a result of Wright, Merriweather, and Herrera's unjustified and excessive use of force, Michael O'Connor suffered and continues to suffer aggravation of his mental illness, PTSD, a concussion, a cracked rib, displaced vertebra, black eyes, severe bruising, a fractured nose, chipped tooth, severe headaches, amnesia, twitching, and a misaligned jaw, which causes him difficulty chewing.

**WHEREFORE**, Plaintiff, Valentina O'Connor, as next friend and legal guardian of Michael W. O'Connor, demands compensatory damages in excess of the jurisdictional amount against Defendants Wright, Merriweather, and Herrera, plus punitive damages, attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## <u>COUNT IV – MALICIOUS PROSECUTION</u>
### (Defendant Wright)

85.     Each of the above Paragraphs is incorporated as if restated herein.

86.     Wright initiated criminal proceedings against Michael by signing a sworn complaint stating that Michael struck him in the chest with a closed fist.

87.     There was no probable cause to initiate the criminal proceedings, because Michael never struck Wright in the chest.

88.     Wright acted with malice because he signed the complaint without probable cause and in order to attempt to shield himself and his colleagues from

15

liability in this lawsuit.

89.     On August 22, 2017, after interviewing eyewitnesses to the incident, the CCASO dismissed the charges against Michael.

90.     Michael suffered special injuries and damages beyond the time and expense in defending the criminal case for almost three and a half years including, but not limited to, extreme stress and anxiety, and being placed in danger while being transported from the Cook County Jail to status hearings.

**WHEREFORE**, Plaintiff, Valentina O'Connor, as next friend and legal guardian of Michael W. O'Connor, demands compensatory damages in excess of the jurisdictional amount against Defendant Wright, and any such relief this Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT V- INDEMNIFICATION
### (Defendant County Of Cook)

91.     Each of the above paragraphs is incorporated as if restated herein.

92.     The Cook County Sheriff's Department is funded by the County of Cook.

93.     Thus, the County of Cook is a necessary party as the indemnifier of Defendants Merriweather, Wright, and Herrera of The Cook County Sheriff's Office pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

**WHEREFORE**, Plaintiff, Valentina O'Connor, as next friend and legal guardian of Michael W. O'Connor, demands compensatory damages in excess of the jurisdictional amount against Defendants, plus attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**DATED:** August 24, 2017

Respectfully Submitted,

/s/ Victor P. Henderson
One of the Attorneys For Plaintiff

Victor P. Henderson
Rebecca R. Kaiser
**HENDERSON PARKS, LLC**
140 South Dearborn, Suite 1020
Chicago, IL 60603
Telephone: (312) 262-2900
Facsimile:  (312) 262-2901