# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| VALENTINA O'CONNOR,  as next friend and guardian of Michael W. O'Connor, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 15 C 8066 |
| | ) | |
| DEPUTY ARTHUR WRIGHT, Star No. 10552, An individual; DEPUTY T. MERRIWEATHER Star No. 11144, an individual; DEPUTY J. HERRERA, Star No. 11369, an individual; the COUNTY OF COOK, a Body Politic and Corporate; the CITY OF CHICAGO, a municipal Corporation; OFFICER CHRISTINE ELLMAN, Star No. 2133, an individual; OFFICER DERRICK SHINN, Star No. 2207, an individual; OFFICER ANNE M. LEWIS, Star No. 1972, an Individual,; OFFICER CHARLES LONG, Star No. 1171, an individual; OFFICER CHANTELL M. MOORE, Star No. 2375, an individual, BRIAN E. YOUNG, Chicago Police Department Employee No. 55120, an individual; OFFICER J.M. RUMBAUGH, Star No. 5876, An individual; OFFICER JOHN OWENS, Star No. 7074, an Individual; and OFFICER VINCENT BARNER, Star No. 19562, an Individual; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Chief Judge Ruben Castillo |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COME Defendants, Deputy Arthur Wright, Deputy Theo Merriweather, Deputy Jesse Herrera and County of Cook by their attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Jordan L. Matthis, and answers Plaintiff's Second Amended Complaint as follows:

### Parties, Jurisdiction and Venue

1.     Plaintiff VALENTINA O'CONNOR ("Mrs. O'Connor") is the legal guardian of MICHAEL W. O'CONNOR ("Michael"), her mentally disabled son. (*See*, Order Appointing Plenary Guardian For Disabled Person dated July 16, 2013, attached as Exhibit A.)

**Answer:**     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.     Plaintiff VALENTINA O'CONNOR, as next friend and guardian of MICHAEL W. O'CONNOR, is a resident of the Northern District of Illinois.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.     At all relevant times, Defendant Deputy Arthur Wright, Star No. 10552 ("Wright"), was employed by the Cook County Sheriff's Office and acted under the color of law and in the course and scope of his employment with the Cook County Sheriff's Office.

**Answer:**     Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.     At all relevant times, Defendant Deputy T. Merriweather, Star No. 11144 ("Merriweather"), was employed by the Cook County Sheriff's Office and acted under the color of law and in the course and scope of his employment with the Cook County Sheriff's Office.

**Answer**:     Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint yet deny any action or inaction in violation of Plaintiff's constitutional rights.

5.     At all relevant times, Defendant Deputy J. Herrera, Star No. 11369 ("Herrera"), was employed by the Cook County Sheriff's Office and acted under the color of law and in the course and scope of his employment with the Cook County Sheriff's Office.

**Answer**:        Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint yet deny any action or inaction in violation of Plaintiff's constitutional rights.

6.        Defendant Cook County is a party for indemnification purposes pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003).

**Answer**:        Defendants admit Plaintiff has named Cook County for indemnification purposes pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003).

7.        At all relevant times, Defendant Officer Christine Ellman, Star No. 2133 ("Ellman"), was employed by the Chicago Police Department and acted under the color of law and in the course and scope of her employment with the Chicago Police Department.

**Answer**:        Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

8.        At all relevant times, Defendant Officer Derrick Shinn, Star No. 2207 ("Shinn"), was employed by the Chicago Police Department and acted under the color of law and in the course and scope of his employment with the Chicago Police Department.

**Answer**:        Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

9.        At all relevant times, Defendant Officer Anne M. Lewis, Star No. 1972 ("Lewis"), was employed by the Chicago Police Department and acted under the color of law and in the course and scope of her employment with the Chicago Police Department.

**Answer**:        Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

10. At all relevant times, Defendant Officer Charles Long, Star No. 1171 ("Long"), was employed by the Chicago Police Department and acted under the color of law and in the course and scope of his employment with the Chicago Police Department.

**Answer**: Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

11. At all relevant times, Defendant Officer Chantell M. Moore, Star No. 2375 ("Moore"), was employed by the Chicago Police Department and acted under the color of law and in the course and scope of her employment with the Chicago Police Department.

**Answer**: Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

12. At all relevant times, Defendant Brian E. Young, Chicago Police Department Employee No. 55120 ("Young"), was employed by the Chicago Police Department and acted under the color of law and in the course and scope of his employment with the Chicago Police Department.

**Answer**: Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

13. At all relevant times, Defendant Officer J.M. Rumbaugh, Star No. 5876 ("Rumbaugh"), was employed by the Chicago Police Department and acted under the color of law and in the course and scope of his employment with the Chicago Police Department.

**Answer**: Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

14.     At all relevant times, Defendant Officer John Owens, Star No. 7074 ("Owens"), was employed by the Chicago Police Department and acted under the color of law and in the course and scope of his employment with the Chicago Police Department.

**Answer**:     Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

15.     At all relevant times, Defendant Officer Vincent Barner, Star No. 19562 ("Barner"), was employed by the Chicago Police Department and acted under the color of law and in the course and scope of his employment with the Chicago Police Department.

**Answer**:     Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

16.     Defendant City of Chicago is an Illinois municipal corporation, responsible for policies and procedures governing the Chicago Police Department, including the Defendant officers and employees.

**Answer**:     Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

17.     The City of Chicago is the indemnifying entity for any legal judgment entered against the Defendant officers and employees based on the allegations contained in this Complaint.

**Answer**:     Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

18.     All events described in this complaint occurred in Cook County, Illinois.

**Answer:**    Defendants admit that the allegations concerning Defendants in Plaintiff's Complaint occurred in Cook County, Illinois, yet deny any action or inaction in violation of Michael's constitutional rights.

19.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §1988 to redress the deprivation under color of law of Michael's rights as secured by the United States Constitution.

**Answer:**    Defendants admit that Plaintiff is bringing this action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §1988.

20.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b). The parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district as well.

**Answer:**    Defendants admit this Court has jurisdiction and that venue is proper as to related claims in this action.

## FACTS

21. Michael has been treated for mixed bipolar psychosis and ADHD since 2004, when he was 14 years old.

**Answer:**    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.    For his mental illnesses, Michael has been prescribed Depakote, Adderall, Zyprexa, and Vyvanse.

**Answer:**    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Michael also takes Levothyroxine for hypothyroidism as well as blood pressure medication.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     On or about May 6, 2014, Michael was arrested.

**Answer:**     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     He was then taken to the Chicago Police Department 22nd District Station Lockup.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     The 22nd District Station Supervisors on duty between May 6, 2014 and May 9, 2014 when Michael was in Lockup were Ellman, Shinn, Long, Lewis, and Moore.

**Answer:**     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     At all relevant times, the District Station Supervisors were responsible for ensuring that arrestees received proper medical care.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     Rumbaugh and Young processed Michael into the Lockup.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     The processing Chicago Police officers and/or employees are required to record, among other things, whether arrestees are taking medication or have health concerns.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Neither Rumbaugh nor Young made notes nor informed anyone about Michael's illnesses and/or need for medication.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Mrs. O'Connor arrived at the police station shortly after her son.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Mrs. O'Connor gave a Chicago Police Department employee Michael's medications.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     The employee scoffed at Mrs. O'Connor and replied, "Nobody ever died of mental illness."

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Michael did not receive his medication for several days while he was in police custody.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     Michael could not sleep for several days because he did not receive his medication.

**__Answer__**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     On the morning of May 8, 2014, under Lewis' direction, Owens took Michael to Little Company of Mary Hospital to receive medication.

**__Answer__**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     Whether Michael received medication during this hospital visit is unclear.

**__Answer__**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Late at night on May 8, 2014, under Ellman's direction, Barner took Michael to Little Company of Mary to receive medication.

**__Answer__**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     At Little Company of Mary, Michael was forced to take Vyvanse, a central nervous system stimulant.

**__Answer__**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     Michael told Barner that he had not slept in days and thus should not take a stimulant in the middle of the night, especially on an empty stomach.

**__Answer__**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     Barner threatened Michael with staying in the police station for several more days if he did not take the Vyvanse.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     Michael then took the Vyvanse.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     Michael was then taken back to the Police Department.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     Michael could not sleep the rest of the night because he took Vyvanse.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     The Vyvanse made Michael's heart race, it made him panic, and it made him go into psychosis.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     On or about May 9, 2014, Michael appeared in bond court at 2650 South California Avenue.

**Answer**:     Defendants admit the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     When the Assistant State's Attorney read Michael's charges, Michael responded with an outburst.

**Answer**: Defendants admit the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. This outburst occurred because Michael had not received the proper medication and instead received a stimulant after being unmedicated for days.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. In response to his outburst, Wright, Merriweather, and Herrera punched Michael in the face, tackled him, pushed him to the ground, handcuffed him behind his back, and otherwise beat him.

**Answer:** Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Wright, Merriweather, and Herrera then had everyone in the courtroom evacuate.

**Answer:** Defendants Merriweather and Herrera deny the allegations contained in Paragraph 50 of Plaintiff's Complaint. Defendant Wright lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Wright, Merriweather, and Herrera then dragged Michel into a back room.

**Answer:** Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Wright, Merriweather and Herrera proceeded to kick Michael in the face, ribs, and groin and otherwise beat him.

**Answer:** Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     As Wright, Merriweather, and Herrera were kicking him, Michael yelled, "Please stop!"

**Answer:**     Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     Wright, Merriweather, and Herrera were laughing and high fiving as they beat Michael.

**Answer:**     Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     Michael thought Wright, Merriweather, and Herrera were going to kill him.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     Michael was then taken to Mt. Sinai Hospital to be treated for his injuries.

**Answer:**     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     Michael remained at Mt. Sinai Hospital for three days, until May 12, 2014, where he was in and out of consciousness.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     While at Mt. Sinai Hospital, Michael was chained to the bed, not allowed to make any phone calls, and received a rash from not being allowed to shower.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     After being released from Mt. Sinai, Michael was treated in Cermak Hospital for another week.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     Michael was then transported to the Cook County Jail.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     As a result of this beating, Michael suffered and continues to suffer aggravation of his mental illness, PTSD, a concussion, a cracked rib, displaced vertebra, black eyes, severe bruising, a fractured nose, chipped tooth, severe headaches, amnesia, twitching, and a misaligned jaw, which causes him difficulty chewing.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     On or about May 27, 2014, a civil rights attorney, Jonathan Ksiazek, submitted a Freedom of Information Act ("FOIA") Request to the Cook County Sheriff's Office for records relating to this incident.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     This FOIA request put defendants on notice that they might be sued.

**Answer**:     Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.     On May 28, 2014, Wright signed a sworn complaint stating that Michael struck him in the chest with a closed fist on May 9, 2014.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Michael was then charged with battery in the Circuit Court of Cook County Case No. 14M1209258.

**Answer**: Defendants admit the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. The Cook County State's Attorney's Office ("CCSAO") elected to proceed on Michael's other case (*i.e.,* the case that for which he was in bond court on May 9, 2014) before proceeding on the battery case.

**Answer:** Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. The CCSAO also moved to stay *this* lawsuit until the battery case was resolved. In other words, Michael was not able to receive a trial on the battery case until his other case was over.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68**.** The CCASO decision to elect on Michael's other case was for the purpose of delaying this lawsuit.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Michael's other case was resolved in June 2017.

**Answer:** Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.     Thus, the battery case was set for trial on August 22, 2017.

**Answer:**     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     In early August, 2017, through independent investigation, Michael's attorneys received a nine (9) page Cook County Sheriff's report of an investigation of the May 9, 2014 incident.

**Answer:**     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.     This report includes statements from eyewitnesses to the incident, including assistant state's attorneys and court personnel.

**Answer:**     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     This report was *never* tendered in discovery in Michael's battery case.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.     This report exonerated Michael of battery against Wright.

**Answer:**     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     Michael's attorneys provided this report to the CCSAO.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.     Upon information and belief, one or more assistant state's attorneys prosecuting the battery case then met with one or more of the investigators or witnesses referenced in the report.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.     Then, on August 22, 2017, the day the trial was set to begin, the CCSAO dismissed the battery case via a *nolle prosequi* motion.

**Answer**:     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 77 of Plaintiff's Complaint.

## COUNT I- UNREASONABLE FAILURE TO PROVIDE MEDICAL CARE
### (Defendant Chicago Officers and Employees Ellman, Shinn, Lewis, Long, Moore, Young, Rumbaugh, Owens, and Barner)

62.     Each of the above Paragraphs is incorporated as if restated herein.

**Answer**:     Defendants make no answer to this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

63.     Michael's detention in the 22nd District Lockup from May 6, 2014 through the morning of May 9, 2014 was prior to his *Gerstein* hearing.

**Answer**:     Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

64.      Michael O'Connor's diagnosed mixed bipolar disorder and ADHD are serious medical conditions.

**Answer**:     Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

65.     The aforementioned Defendant Chicago Police Officers and Employees knew about Michael's medical conditions and need for medication because his mother, Valentina O'Connor, told them about his conditions and gave them Michael's proper medication.

**Answer**:     Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

66.     The aforementioned Defendant Chicago Police Officers and Employees knew about Michael's medical conditions and need for medication because he *told* them about his conditions and need for medication.

**Answer**:     Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

67.     The aforementioned Defendant Chicago Police Officers and Employees knew about Michael's medical conditions and need for medication because he was symptomatic while in the lockup.

**Answer**:     Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

68.     The aforementioned Defendant Chicago Police Officers and Employees knew about the substantial risk of serious harm to Michael O'Connor if he did not receive his medication.

**Answer**:     Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

69.     The aforementioned Defendant Chicago Police Officers and Employees unreasonably, deliberately, willfully, and wantonly disregarded Michael's obvious

and serious medical needs and risks to his health and failed to take appropriate steps to provide him with his medication for several days while in their care and custody, thus violating Michael's rights under the Fourth Amendment of the United States Constitution.

**Answer**: Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

70. The aforementioned Defendant Chicago Police Officers and Employees unreasonably, deliberately, willfully, and wantonly disregarded Michael's obvious and serious medical needs and risks to his health by forcing him to take Vyvanse, a stimulant, in the middle of the night and on an empty stomach without being medicated for days.

**Answer**: Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

71. As a result of these violations, Michael suffered while in Lockup by, among other things, being unable to sleep and going into psychosis.

**Answer**: Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

72. As a result of these violations, Michael suffered an outburst in court that proximately led to his beating by Defendants Wright, Merriweather, and Herrera.

**Answer**: Defendants deny Michael was beaten by Defendants Wright, Merriweather and Herrera. Defendants admit Michael made an outburst in court. Defendants lack sufficient knowledge or information to form a belief as to the truth of why this outburst occurred.

73. Michael's injuries as a result of this attack include but are not limited to aggravation of his mental illness, PTSD, a concussion, a cracked rib, displaced vertebra, black

eyes, severe bruising, a fractured nose, chipped tooth, severe headaches, amnesia, twitching, and a misaligned jaw, which causes him difficulty chewing.

**Answer**:      Defendants deny Michael was attacked. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 73 of Plaintiff's Complaint.

**WHEREFORE**, Plaintiff, Valentina O'Connor, as next friend and legal guardian of Michael W. O'Connor, demands compensatory damages in excess of the jurisdictional amount against, Officer Christine Ellman, Officer Derrick Shinn, Officer Anne M. Lewis, Officer Charles Long, Officer Chantell M. Moore, Brian E. Young, Officer J.M. Rumbaugh, Officer John Owens, and Officer Vincent Barner, plus punitive damages, attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

**Answer**:      Defendants make no answer pursuant to Rule 8(b)(1)(B).

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**Answer**:      Defendants make no answer pursuant to Rule 8(b)(1)(B).

## COUNT II – INDEMNIFICATION

### (Defendant City of Chicago)

**74.      Each of the above Paragraphs is incorporated as if restated herein.**

**Answer:**      Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

75.      Public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**Answer**:  Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

76.    The aforementioned Defendant Chicago Police Officers and Employees were employees of the City of Chicago at the time they committed the aforementioned constitutional violations against Michael O'Connor, and acted within the scope of their employment in committing the aforementioned misconduct.

**Answer**:  Defendants make no answer to the allegations contained in this Paragraph of Plaintiff's Complaint pursuant to Rule 8(b)(1)(B).

**WHEREFORE**, Plaintiff, Valentina O'Connor, as next friend and legal guardian of Michael W. O'Connor, demands compensatory damages in excess of the jurisdictional amount against Defendants, plus attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

**Answer**:  Defendants make no answer pursuant to Rule 8(b)(1)(B).

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**Answer**:  Defendants make no answer pursuant to Rule 8(b)(1)(B).

### COUNT III – EXCESSIVE FORCE
### (Defendants Wright, Merriweather, and Herrera)

77.    Each of the above Paragraphs is incorporated as if restated herein.

**Answer**:  Defendants incorporate their answers made in each of the above Paragraphs as though fully set forth herein.

78.    At all relevant times, Defendant Wright was employed by the Office Of The Cook County Sheriff and acting under the color of law.

**Answer**:     Defendants admit the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.     At all relevant times, Defendant Merriweather was employed by the Office Of The Cook County Sheriff and acting under the color of law.

**Answer**:     Defendants admit the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.     At all relevant times, Defendant Herrera was employed by the Office Of The Cook County Sheriff and acting under the color of law.

**Answer**:     Defendants admit the allegations contained in Paragraph 79 of Plaintiff's Complaint.

81.     As described in the preceding paragraphs, by repeatedly kicking Michael in the face, ribs, and groin, Wright, Merriweather, and Herrera subjected him to unreasonable and excessive force in violation of the Michael's rights as guaranteed by the United States Constitution.

**Answer**:     Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.     Wright, Merriweather, and Herrera intentionally and forcibly subjected Michael O'Connor to unreasonable and excessive force in that they intentionally, willfully, wantonly, and without legal justification kicked Michael O'Connor about the head and body.

**Answer**:     Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Michael O'Connor's constitutional rights.

**Answer**: Defendants deny the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84. As a result of Wright, Merriweather, and Herrera's unjustified and excessive use of force, Michael O'Connor suffered and continues to suffer aggravation of his mental illness, PTSD, a concussion, a cracked rib, displaced vertebra, black eyes, severe bruising, a fractured nose, chipped tooth, severe headaches, amnesia, twitching, and a misaligned jaw, which causes him difficulty chewing.

**Answer**: Defendants deny an unjustified and excessive use of force used on Michael. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 84 of Plaintiff's Complaint.

**WHEREFORE**, Plaintiff, Valentina O'Connor, as next friend and legal guardian of Michael W. O'Connor, demands compensatory damages in excess of the jurisdictional amount against Defendants Wright, Merriweather, and Herrera, plus punitive damages, attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

**Answer**: Defendants deny Plaintiff is entitled to any relief.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**Answer**: Defendants demand a trial by jury.

## COUNT IV – MALICIOUS PROSECUTION
### (Defendant Wright)

85.     Each of the above Paragraphs is incorporated as if restated herein.

**Answer:**      Defendants incorporate their answers made in each of the above

Paragraphs as though fully set forth herein.

86.     Wright initiated criminal proceedings against Michael by signing a sworn

complaint stating that Michael struck him in the chest with a closed fist.

**Answer:**      Defendants lack sufficient knowledge or information to form a belief as to

the truth of the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.     There was no probable cause to initiate the criminal proceedings, because Michael

never struck Wright in the chest.

**Answer:**      Defendants deny the allegations contained in Paragraph 87 of Plaintiff's

Complaint.

88.     Wright acted with malice because he signed the complaint without probable cause

and in order to attempt to shield himself and his colleagues from liability in this lawsuit.

**Answer:**      Defendants deny the allegations contained in Paragraph 88 of Plaintiff's

Complaint.

89.     On August 22, 2017, after interviewing eyewitnesses to the incident, the CCASO

dismissed the charges against Michael.

**Answer**:      Defendants lack sufficient knowledge or information to form a belief as to

the truth of the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.     Michael suffered special injuries and damages beyond the time and expense in

defending the criminal case for almost three and a half years including, but not limited to,

extreme stress and anxiety, and being placed in danger while being transported from the Cook County Jail to status hearings.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 90 of Plaintiff's Complaint.

**WHEREFORE**, Plaintiff, Valentina O'Connor, as next friend and legal guardian of Michael W. O'Connor, demands compensatory damages in excess of the jurisdictional amount against Defendant Wright, and any such relief this Court deems equitable and just.

**Answer**: Defendants deny Plaintiff is entitled to any relief.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**Answer**: Defendants demand a trial by jury.

## COUNT V- INDEMNIFICATION
### (Defendant County Of Cook)

91. Each of the above paragraphs is incorporated as if restated herein.

**Answer**: Defendants incorporate their answers made in each of the above Paragraphs as though fully set forth herein.

92. The Cook County Sheriff's Department is funded by the County of Cook.

**Answer**: Defendants admit the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93. Thus, the County of Cook is a necessary party as the indemnifier of Defendants Merriweather, Wright, and Herrera of The Cook County Sheriff's Office pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

**Answer**:          Defendants admit the allegations contained in Paragraph 93 of Plaintiff's Complaint.

**WHEREFORE**, Plaintiff, Valentina O'Connor, as next friend and legal guardian of Michael W. O'Connor, demands compensatory damages in excess of the jurisdictional amount against Defendants, plus attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988, and any such relief this Court deems equitable and just.

**Answer**:          Defendants deny Plaintiff is entitled to any relief.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**Answer**:          Defendants demand a trial by jury.

## AFFIRMATIVE DEFENSES

NOW COME Defendants, Deputy Arthur Wright, Deputy Theo Merriweather, Deputy Jesse Herrera and County of Cook by their attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Jordan L. Matthis, and assert the following affirmative defenses:

1. Defendants conduct was at all times objectively reasonable and did not violate any of Michael's clearly established Constitutional rights. Accordingly, the Defendants are entitled to the defense of qualified immunity.

2. Michael has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a). *See Dale v. Lappin*, 376 F. 3d 652, 655 (7th Cir. 2004).

3. Defendants reserve the right to amend their affirmative defenses at any point throughout the course of discovery.

**<u>JURY DEMAND</u>**

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendants hereby demand a jury trial.


Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

BY:*/s/ Jordan L. Matthis*
Jordan L. Matthis
Assistant State's Attorney
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, Illinois 60601
(312) 603-5527