IN THE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALENTINA L. O'CONNOR, as next friend and guardian of Michael W. O'Connor, | )<br>)<br>) |
| | ) CASE NO.   15 cv 8066 |
| Plaintiff, | )<br>) Honorable Judge Ruben Castillo |
| v. | )<br>) |
| DEPUTY ARTHUR WRIGHT, Star No. 10552, an individual; et al. | )<br>)<br>) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO QUASH SUBPOENAS**

NOW COMES the Plaintiff, Valentina L. O'Connor, as next friend and guardian of Michael W. O'Connor, by and through her attorneys, Robert D. Fink and Antonio L. Jeffrey, and moves this Honorable Court to quash the City Defendant's subpoenas *duces tecum* to Michael O'Connor's medical providers and the entity in which he was detained, including Little Company of Mary Hospital and Health Care Center, Mt. Sinai Hospital, St. Anthony Hospital, Cermak Health Services of Cook County, and Cook County Department of Corrections, as they seek "any and all" of Michael's medical records since birth with no limitations to *time* or *condition-at-issue*. Thus, the subpoenas violate Michael's constitutional rights to remedy and privacy, Rule 26(b)(1) and Illinois law and federal law, including HIPAA.

Therefore, Plaintiff respectfully requests this Court to enter an Order quashing the subpoenas as issued in violation of multiple state and federal laws.  In support of this Motion, Plaintiff states as follows:

1. As previously pled, and on May 9, 2014 at Michael O'Connor's bond court hearing at 2650 South California Avenue, Defendants Wright, Merriweather, and Herrera struck Michael in the face, tackled him, pushed him to the ground, handcuffed him behind his back, kicked him, and otherwise beat him.

2. On information and belief, as a result of the beating, Michael suffered and continues to suffer both physical and mental health injuries, including aggravation of his mental illness, PTSD, closed head injuries, concussion, a cracked rib, displaced vertebra, black eyes, severe bruising, a fractured nose, chipped tooth, severe headaches, amnesia, twitching, and a misaligned jaw.

3. On April 11, 2018, City Defendant issued subpoenas to Michael O'Connor's medical providers and the entity in which he was detained, including Little Company of Mary Hospital and Health Care Center, Mt. Sinai Hospital, St. Anthony Hospital, Cermak Health Services of Cook County, and Cook County Department of Corrections. The subpoenas seek "***any and all medical records***" of Michael since birth. *(Group Exhibit A)*

4. The subpoena(s) seek documents and records which are not relevant and are not reasonably calculated to lead to discoverable material. By their breadth, these subpoenas seek records on subjects like sexual health, certain mental health records, reproductive choices, AID/HIV, Drug/alcohol treatment genetic information and various other non-discoverable records.

5. The City Defendant's demand for "any and all" of Michael's records invades his constitutional right to privacy, invades the patient-physician privilege and HIPAA.

6. Further, the subpoenas violate Federal Rule 26(b)(1), which expressly limits a party's right of full disclosure to matters which are <u>relevant</u> to the subject matter of the pending

lawsuit. Michael O'Connor's birth records are not relevant, his ear infections as a child are not relevant nor are the overwhelming majority of his medical records relevant to this matter.

7. "At minimum, information must be relevant to be discoverable." *Bruggeman v. Blagojevich*, 219 F.R.D. 430, 436 (citing Fed. R. Civ. P. 26(b)(1)). Information requested by City Defendant must be reasonably calculated to lead to the discovery of admissible evidence. *See Id*. (citing *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)).

8. City Defendant did not limit the medical authorizations in time or scope or relate to treatment for the same or similar medical conditions.

9. Plaintiff suggests that a limit of 5 years of medical records for the same or related medical condition prior to the date of injury is reasonable.

10. Further, City Defendant's "any and all" subpoena(s), by the very nature and definition of "any and all" are not limited in any way, in scope or time, and therefore fail to comply with:

   a. The Illinois Mental Health & Developmental Disabilities Confidentiality Act (740 ILCS 110/1 et seq.)
   b. The Aids Confidentiality Act (410 ILCS 305/1 et seq.);
   c. Alcoholism & Other Drug Abuse & Dependency Act (20 ILCS 301/30-5 et seq.);
   d. Federal law which protects certain drug and alcohol records (42 U.S.C. §§ 290dd-3, 290ee-3; 42 C.F.R. Part 2); and
   e. The Genetic Information Privacy Act (410 ILCS 513/15)

<u>Violation of the Illinois Mental Health & Developmental Disabilities Confidentiality Act (740 ILCS 110/1 et seq.)</u>

11. City Defendant subpoenas fail to comply with The Illinois Mental Health & Developmental Disabilities Confidentiality Act.

12. As part of the Agreed Qualified HIPAA and MHDDCA Protective Order entered in this matter, the parties agreed to waive notice requirements relating to PHI and mental health. The parties did not agree to waive other provisions of the Act.

13. City Defendant subpoena violates Section 110/10(a)(1)of the Act which requires that mental health records may only be release:

> after in camera examination of testimony or other evidence, that it is relevant, probative, not unduly prejudicial or inflammatory, and otherwise clearly admissible; that other satisfactory evidence is demonstrably unsatisfactory as evidence of the facts sought to be established by such evidence; and that disclosure is more important to the interests of substantial justice than protection from injury to the therapist-recipient relationship or to the recipient or other whom disclosure is likely to harm.

14. As City Defendant issued the subpoenas without first requesting that this Court hold an evidentiary hearing, City Defendant's subpoena should be properly quashed.

15. City Defendant's subpoenas violate section 110/3(b) of the Act, relating to therapist's notes which makes certain records not subject to discovery- regardless of if they may otherwise be relevant and otherwise discoverable. Specifically, it states:

> (b) A therapist is not required to but may, to the extent he determines it necessary and appropriate, keep personal notes regarding a recipient. Such personal notes are the work product and personal property of the therapist and <u>shall not be subject to discovery</u> in any judicial, administrative or legislative proceeding or any proceeding preliminary thereto. [emphasis added]

16. Finally, City Defendant violated the Act by issuing subpoenas which failed to include the statutorily required warning, specifically stating:

> "No person shall comply with a subpoena for mental health records or communications pursuant to Section 10 of the Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/10, unless the subpoena is accompanied by a written order that authorizes the issuance of the subpoena and the disclosure of records or communications or by the written consent under Section 5 of that Act of the person whose records are being sought."

17. City Defendant's subpoenas violate multiple sections of the Act and therefore should be quashed.

Violation of the Aids Confidentiality Act (410 ILCS 305/1 et seq.)

18. Section 305/9 of the Act <u>prohibits</u> disclosure of HIV-related information, except to specific individuals and entities, such as a spouse or civil union partner in the vent of a positive test, health authorities, authorized healthcare providers, and criminal court in certain instances. Importantly, defendants in civil litigation are not designated to receive HIV-related information.

19. As City Defendant is not authorized to compel the disclosure of the information, the "any and all" subpoenas should be quashed.

Violation of Alcoholism & Other Drug Abuse & Dependency Act (20 ILCS 301/30-5 et seq.)

20. This act requires that "any court orders authorizing disclosure of patient records under this Act must comply with the procedures and criteria set forth in 42 C.F.R. Sections 2.64 and 2.65.

21. 42 C.F.R. Sections 2.64 sets forth the procedures and criteria for orders authorizing disclosures of patient records for noncriminal purposes. Specifically, it sets for the requirements for application for an order seeking patient records. The application must be made using a factious name and may not disclose identifying information.

22. Section 2.64 sets forth the criteria for entry of an order; specifically, that the seeking party show good cause exists, that other ways of obtaining the information are not available or would not be effective and that the need for disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment of services.

23. After a hearing (in chambers), the Court then must enter an order limiting the disclosure to those parts of the patient records which are essential to fulfill the objective of the order; limit disclosure to those persons whose need for information is the basis for the order; and include other such measures as are necessary to limit disclosure for the protection of the patient, the physician-patient relationship and the treatment services.

24. City Defendant did not seek a court order pursuant to the Act. City Defendant did not attempt to show good cause for the need to secure any information; rather, City Defendant just issued the subpoenas. Therefore, the "any and all" subpoenas should be quashed.

Violation of Federal law which protects certain drug and alcohol records (42 U.S.C. §§ 290dd-3, 290ee-3; 42 C.F.R. Part 2)

25. City Defendant subpoenas fail to comply with these drug and alcohol statutes. Prior to even issuing the subpoenas, Defendant was required to seek a court order allowing the release of records relating to substance abuse, education, prevention, training, treatment, rehabilitation, or research. 42 U.S.C. §§ 290dd(a).

26. A subpoena may issue only after a court finds the requesting party has shown "good cause" to seek the records. This requires a court to "weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services." Id.

27. As City Defendant failed to seek a Court order allowing for the release of records relating to drug and alcohol issue prior to issuing the subpoena and did not even attempt to show "good cause" as required, the subpoenas should be quashed.

The Genetic Information Privacy Act (410 ILCS 513/15)

28. Section 513/15(a) of the Act <u>prohibits</u> disclosure of genetic testing and information derived from genetic testing, except to specific individuals and entities. This information shall not be admissible as evidence, nor discoverable in any action of any kind in any court, or before any tribunal, board, agency, or person pursuant to Part 21 of Article VIII of the Code of Civil Procedure [medical studies act]. Importantly, defendants in civil litigation are not designated to receive genetic testing and information derived from genetic testing information.

29. As City Defendant is not authorized to compel the disclosure of the information, the "any and all" subpoenas should be quashed.

Violation of HIPAA

30. City Defendant subpoenas violate HIPAA provisions.

31. Specifically, 45 C.F.R. § 164.512(e)(1)(i) allows "only the protected information expressly authorized by such order" referring to a QPO entered by this Court.

32. Defendant issued "any and all" subpoenas without stating what records are expressly authorized to be disclosed.

33. City Defendant subpoenas also are not limited in scope as required by HIPPA.

Subpoena to Cermak Health Services:

34. Only the subpoena issued to Cermak Health Services of Cook County include any restrictions, and properly specifically instruct not to produce records relating to HIC, STD, Substance abuse and others, the subpoena still fails in that it violates the provisions of the Illinois Mental Health & Developmental Disabilities Confidentiality Act as discussed above.

35. Further, the subpoena is not limited in time or scope and for the reasons stated above should be quashed.

Subpoena to Cook County Department of Corrections

36. Defendant issued a subpoena requesting "all disciplinary records, photographs, evaluations, reviews, audio, video, telephone calls and any other document in the file for matter of…"

37. Defendant then lists nine sperate arrest dates going back to 2008.

38. While defendant may be entitled to some of the requested records, Defendants requests is overbroad and not limited in any manner.

39. Plaintiff's disciplinary records are not relevant nor likely to lead to relevant information.

40. All photographs, evaluations and reviews going to back to 2008 is simply overbroad.

41. Defendant's requests for audio, video and telephone calls of Plaintiff are not relevant nor likely to lead to relevant information.

Subpoena for diagnostic films

42. Plaintiff only takes issue with the unlimited time Defendant requests the diagnostic images, which amount to "any and all" subpoenas for diagnostic images.

43. These subpoenas should be quashed, and any subsequent subpoenas should be properly limited in time.

44. The Parties attempted to resolve the discovery dispute relative to the subpoenas issued by Defendants on multiple occasions until discussions were terminated on April 3, 2018 when defendants indicated that they would not agree to any modification to the subpoenas and had previously declined to have records presented to plaintiff's attorney to determine if any record should properly be withheld.

WHEREFORE the Plaintiff respectfully requests this Honorable Court for an Order quashing the subpoenas to Little Company of Mary Hospital and Health Care Center, Mt. Sinai Hospital, St. Anthony Hospital, Cermak Health Services of Cook County, and Cook County Department of Corrections as they violate Michael O'Connor's rights under Illinois state and federal law. rights to remedy and privacy, Rule 26(b)(1) and Illinois law and federal law, including HIPAA.

<u>April 26, 2018</u>     <u>  /s/ Robert D. Fink     </u>

COLLISON LAW OFFICES, LTD.
Attorneys for Plaintiff
134 North LaSalle Street, Suite 1200
Chicago, Illinois  60602
(312) 906-7644
ARDC No.: 6277466
Email: Service@collisonltd.com