UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALENTINA O'CONNOR, as Next Friend and Guardian of Michael W. O'Connor, ) ) ) | |
| Plaintiff, ) | |
| vs. ) | 15 C 8066 |
| ) | |
| DEPUTY ARTHUR WRIGHT, *et. al.*, ) | Hon. Ruben Castillo |
| ) | |
| Defendants. ) | |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is made between VALENTINA O'CONNOR, as Next Friend and Guardian of Michael W. O'Connor ("Plaintiff"), and the Defendant, City of Chicago, by its attorney, Edward N. Siskel, Corporation Counsel of the City of Chicago; and Defendants, Christine Ellman, Derrick Shinn, Anne Lewis, Charles Long, Chantell Moore, Brian Young, Jeff Rumbaugh, John Owens, and Vincent Barner, by their attorney, David Hartmann, Assistant Corporation Counsel, as follows:

1. Plaintiff and Defendants are collectively referred to as the "Parties" in this Agreement.

2. The Parties hereby agree to settle and compromise the above-captioned action (the "Lawsuit") under the terms and conditions set forth herein.

3. Plaintiff accepts the sum of FIVE THOUSAND AND NO/100 DOLLARS ($5,000.00), (the "Settlement Amount") in full and complete settlement of the Lawsuit against Defendants.

4. Payment of the Settlement Amount will be made in the form of three separate checks made payable to (1) Valentina O'Connor, as plenary guardian of Michael W. O'Connor,

(2) Collison Law Offices, and (3) Henderson Parks, LLC. Payment will be mailed as soon as practicable.

5. The Settlement Amount represents the entire amount of the compromise settlement and the respective Parties will each bear their own costs, fees, and expenses.

6. This Agreement is not and shall not be construed as an admission by Defendants or any former Defendants of the truth of any allegation or the validity of any claim asserted in this lawsuit or of Defendants' liability. Furthermore, none of the terms of the Agreement may be offered or received in evidence or in any way referred to in any civil, criminal or administrative action or proceeding other than proceedings that may be necessary to consummate or enforce this Agreement.

7. Plaintiff for herself, her heirs and personal representatives, fully and forever releases, acquits and discharge Defendants and any former Defendants, their agents, employees and former employees, either in official or individual capacities, from any and all actions, suits, debts, sums of money, accounts and all claims and demands of whatever nature, in law or in equity, including but not limited to any and all claims for Constitutional, federal law or state law violations against Plaintiff, and/or any taken, damaged, disposed of, or destroyed property, and any costs accrued arising out of Plaintiff's allegations which are the subject of *O'Connor v. Deputy Arthur Wright, et. al.,* No. 15 C 8066 in the United States District Court for the Northern District of Illinois, Eastern Division (the "Lawsuit"), or any claim or suit which her, her heirs, assigns and legal representatives, may heretofore or hereafter have had by reason of said allegations, including but not limited to any and all claims for Constitutional violations, federal or state law claims, injunctive relief claims, and/or any taken, damaged, disposed of, or destroyed property claims, as well as any other such claims against Cook County, the Cook County Sheriff, or any current or

2

former employees or agents thereof, that may have been brought prior to the execution date of this release. THIS IS A GENERAL RELEASE.

8. In exchange of settlement of this matter and subject to the provisions contained in Paragraph 7, Plaintiff agrees to dismiss with prejudice Cook County and the individual defendants and named in *O'Connor v. Deputy Arthur Wright, et. al.*, No. 15 C 8066.

9. Plaintiff represents and warrants that she is, as plenary guardian of Michael W. O'Connor, lawful owner of all rights, title, and interests in and to every claim and other matter which she purports to release herein, and that she has not heretofore assigned or transferred, or purported or attempted to assign or transfer to any person or entity any claims or other matters herein released. Plaintiff shall hold harmless Defendants or former Defendants, and any of their current or former employees or agents, whether in their official or individual capacities, against, any claims arising out of or relating to any such assignment or transfer of any claims or other matters released herein. Any costs related to the filing or bringing of this lawsuit are solely the responsibility of Plaintiff.

10. Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of Plaintiff. The Parties hereto acknowledge and agree, however, that this settlement is intended to compensate Plaintiff for constitutional claims and not lost wages, profits, or other income arising out of or relating to the Lawsuit. Notwithstanding the foregoing, such claims arising out of or relating to the Lawsuit are fully and completely released hereby.

11. This settlement is based upon a good faith determination of the parties to resolve a disputed claim. The parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). The parties resolved this matter in compliance with both state and federal law. Plaintiff asserts and Defendants rely on the assertion that Michael W. O'Connor is not a recipient of Medicare.

12. This Agreement contains the entire agreement between the Parties. Plaintiff acknowledges and agrees that no promise or representation not contained in this Agreement has been made to her, and she acknowledges and represents that this Agreement contains the entire understanding between the Parties, and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced, nor does this Agreement reflect any agreed upon purpose other than the desire of the Parties to reach a full and final conclusion of the litigation without further expense.

13. This Agreement cannot be modified or amended except by an instrument in writing, agreed to and signed by the Parties, nor shall any provision hereof be waived other than by a written waiver, signed by the Parties.

14. This Agreement shall be binding upon and inure to the benefit of Plaintiff and Defendants and their respective heirs, executors, successors, assigns, and personal representatives, including any person, entity, department, or agency succeeding to the interests or obligations of any party hereto, or having an interest herein.

15. The provisions of this Agreement shall be deemed severable, and any invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of the other provisions herein.

As ordered by the Court on January 15, 2019, this Agreement and General Release is entered and effective this 15th day of January, 2019.

Dated: 15th January 2019

RUBEN CASTILLO
United Stated District Judge, Presiding