UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALENTINA L. O'CONNOR, as next friend and guardian of MICHAEL W. O'CONNOR, )<br><br>Plaintiff, )<br><br>v. )<br><br>CITY OF CHICAGO et al., )<br><br>Defendants. ) | No. 15 C 8066<br><br>Chief Judge Rubén Castillo |

## ORDER

As indicated in open court, this Court has enforced the settlement reached by Valentina O'Connor ("Plaintiff") on November 6, 2018, (*see* R. 162, Min. Entry). The Court enforced this settlement after participating in the negotiation of the settlement that was negotiated and eventually agreed to by Plaintiff and her attorney, Robert Fink. The law favors settlements that are voluntary. *See, e.g., Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007) (affirming enforcement of oral settlement where the party seeking to invalidate the settlement made only "a superficial claim of involuntariness" and did not develop any compelling argument of mistake, accident, or duress); *Pierce v. Atchison, Topeka & Santa Fe Ry. Co.*, 65 F.3d 562, 571-72 (7th Cir. 1995) (ruling that "[i]f [a party] never disputes the knowing and voluntary nature of his release . . . , a court is not required to consider the totality of the circumstances" surrounding the release to assess its validity because "[t]o hold otherwise is to ignore another important federal policy: the encouragement of voluntary settlement of claims"); *Montgomery v. Vill. of Posen*, No. 14 C 3864, 2017 WL 1093165, at *4 (N.D. Ill. Mar. 23, 2017) ("It is well settled that a settlement agreement or stipulation voluntarily entered into cannot be repudiated by

either party and will be summarily enforced by the Court." (citation and internal quotation marks omitted)), *aff'd*, 711 F. App'x 343 (7th Cir. 2018). The law does not favor parties who have second thoughts about a settlement agreement that was freely reached. *See Glass v. Rock Island Ref. Corp.*, 788 F.2d 450, 454 (7th Cir. 1986) ("A party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement insufficient[.]"); *Galindo v. O'Donnell*, No. 08 C 5233, 2012 WL 13070394, at *2 (N.D. Ill. Jan. 6, 2012) (enforcing settlement agreement and finding that "the fact that [the plaintiff], in hindsight, may think he should have struck a better bargain, or now would prefer to try the case rather than go forward with the settlement to which he plainly agreed, is irrelevant").

Because the Court concludes that the settlement is enforceable, the Court has entered the attached orders, which include: (a) the settlement agreement and general release between Plaintiff and the City of Chicago, Christine Ellman, Derrick Shinn, Anne Lewis, Charles Long, Chantell Moore, Brian Young, Jeff Rumbaugh, John Owens, and Vincent Barner; (b) the settlement agreement and general release between Plaintiff and Cook County; and (c) an order dismissing this case with prejudice.

This is a final and appealable order.

ENTERED: *[signature]*
Chief Judge Rubén Castillo
United States District Court

**Dated: January 16, 2019**